UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:22-cr-00038-JAW-1 |
| | ) | |
| TOMAS JOHNSON | ) | |
| | ) | |

**ORDER ON MOTION TO REDUCE SENTENCE**

The court dismisses without prejudice a defendant's motions to reduce his sentence pursuant to amendments 814 and 821 of the United States Sentencing Guidelines because he failed to exhaust his administrative remedies as to his amendment 814 claim and because amendment 821 does not have the effect of lowering his applicable guidelines range.

**I.   BACKGROUND**

On October 28, 2021, the Government filed a criminal complaint ageainst Tomas Johnson, alleging that on or about October 20, 2021, Mr. Johnson, "knowing he had previously been convicted of . . . crimes punishable by a term of imprisonment exceeding one year, . . .. knowingly possessed in and affecting commerce a firearm," in violation of 18 U.S.C. §§ 922(g)(1). *Crim. Compl.* at 1 (ECF No. 3). On March 23, 2022, a federal grand jury indicted Mr. Johnson on a total of five criminal counts: (1) "Felon in Possession of a Firearm," on or about October 20, 2021, in violation of 18 U.S.C. § 922(g)(1); (2) "Theft from a Federally Licensed Firearms Dealer," on or about October 24, 2021, in violation of 18 U.S.C. § 922(u); (3) "Possession of a Stolen Firearm," on or about October 28, 2021, in violation of 18 U.S.C. § 922(j); (4)

"Possession with Intent to Distribute Cocaine Base," on or about October 28, 2021, in violation of 21 U.S.C. §§ 841(a)(1); and (5) "Possession of a Firearm in Furtherance of Drug Trafficking," on or about October 28, 2021, in violation of 18 U.S.C. § 924(c)(1)(A). *Indictment* at 1-3 (ECF No. 24).

On April 27, 2023, Mr. Johnson appeared before the Court and pleaded guilty to Counts 1-4 of the Indictment. *Min. Entry* (ECF No. 68); *see also Agreement to Plead Guilty* (ECF No. 65). At the sentencing hearing on December 18, 2023, the Government made an oral motion to dismiss Count 5 against Mr. Johnson, *Oral Mot.* (ECF No. 98), which the Court granted, *Oral Order* (ECF No. 99). The Court imposed a sentence of 120 months on Counts 1-3 and 144 months on Count 4, to be served concurrently; three years of supervised release on all counts to be served concurrently; no fine; restitution in the amount of $16,580.83 on Count 2; and a $400 special assessment. *Min. Entry* (ECF No. 97); *J.* (ECF No. 101); *Statement of Reasons* (ECF No. 102).

On July 9, 2024, Mr. Johnson, appearing pro se, filed a motion for sentence reduction and a supporting brief, which argue for reductions in his sentence of incarceration pursuant to Amendments 814 and 821, respectively, to the United States Sentencing Guidelines (U.S.S.G.). *Mot. for Reduction in Sentence Pursuant to Section § 3582(c)(1)(A), under Retroactive Amend. 814, which Revises the "Other Reasons" Category* (ECF No. 111) (*Def.'s 814 Mot.*); *id.*, Attach. 1, *Supp. Brief in Support of Retroactive Amend. 821* (*Def.'s 821 Brief*.). In his motion for a reduced sentence pursuant to Amendment 814, Mr. Johnson asserts the amendment

2

retroactively expanded the list of "extraordinary and compelling" reasons listed under U.S.S.G. § 1B1.13 to include "Medical Circumstances," and "Other Reasons," arguing that the "Other Reasons" category is satisfied by the illegality of his conviction pursuant to 18 U.S.C. § 922(g)(1). *814 Mot.* at 2-3. Addressing the "Other Reasons" category, he argues "there can be nothing more compelling and extraordinary than an American citizen under an illegal conviction making him procedurally innocent." *Id.* at 3 (citing *Schlup v. Delo*, 513 U.S. 298 (1995)).

Mr. Johnson cites *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), to argue "that defendants convicted of offenses involving the illegal possession of a firearm may be able to attack their convictions," and additionally directs the Court to *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), in which the Fifth Circuit found a state law prohibiting the "possession of firearms by someone subject to a domestic violence restraining order [as] an outlier that the founders would never have accepted, and therefore, unconstitutional." *Id.* at 3-4 (citing *Bruen*, 597 U.S. 1; *Rahimi*, 61 F.4th 443). Mr. Johnson also collects further post-*Bruen* federal caselaw in support of his contention that criminalizing possession of firearms by a felon violates the historical tradition of firearm regulation and the Second Amendment of the federal Constitution. *Id.* at 4-7.

Separately, in a supplemental brief, Mr. Johnson maintains he is also entitled to a sentence reduction pursuant to 18 U.S.C. 3582(c)(2), claiming that under Amendment 821 to the Sentencing Guidelines he would not receive any criminal history points and that his criminal history category would be lower under the revised

U.S.S.G. § 1B1.10. *Def.'s 821 Brief* at 1. Thus, he argues, his Guidelines sentencing range would have been lower and an ex post reduction is justified. *Id.* at 4.

On July 22, 2024, the United States Probation Office (PO) filed an 821 reduction report. *Rep. Pursuant to Amend. 821 to the U.S. Sent'g Guidelines for <u>Ineligible</u> Def.* (ECF No. 112) (*PO Ineligible Rep.*) (emphasis in original). In its report, the PO noted the Defendant had 20 criminal history points prior to the two status points being applied pursuant to § 4A1.1(d) in the 2021 Sentencing Guidelines. *PO Ineligible Rep.* at 2-3. Thus, the PO concluded Mr. Johnson was not entitled to a sentence reduction under Amendment 821 because this amendment did not affect his Criminal History Category VI or his Guidelines range. *Id.* at 3. The Government responded to Mr. Johnson's motion on November 25, 2024, opposing his sentence reduction as ineligible under Amendment 814 and not meeting the criteria of Amendment 821. *Gov't's Resp. in Opp'n to Def.'s Mot. to Reduce Sentence* at 1 (ECF No. 115) (*Gov't's Opp'n*).

Beginning with Mr. Johnson's Amendment 814 claim, the Government submits that the Court should dismiss his request for three reasons: "(1) failure to exhaust administrative remedies, (2) failure to establish extraordinary and compelling reasons warranting a sentence reduction, and (3) failure to establish that review of the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of a reduced sentence." *Id.* at 5. The Government avers that an incarcerated individual may bring a compassionate release motion in court "only after the prisoner has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

4

on his behalf or after thirty days have elapsed from the relevant facility's receipt of such request." *Id.* (quoting *United States v. Quirós-Morales*, 83 F.4th 79, 84 (1st Cir. 2023) (in turn citing 18 U.S.C. § 3582(c)(1)(A)). The Government contends that the administrative exhaustion requirement is issue-specific as well as "motion-specific" and argues that the record contains no evidence that Mr. Johnson presented prison officials with a request for release based on his Second Amendment challenge prior to filing the instant motion with the Court. *Id.* at 6.

The Government further asserts that Mr. Johnson's Second Amendment challenge is properly brought as an application for a writ of habeas corpus, which "deals with the legality and validity of a conviction and provides a method for automatic vacatur of sentences (when warranted under the statute)," rather than a motion to reduce sentence. *Id.* at 7 (quoting *United States v. Trenkler*, 47 F.4th 42, 48 (1st Cir. 2022)). Next, the Government argues that Mr. Johnson's Second Amendment challenge also fails as a motion for compassionate release because it does not provide an "extraordinary and compelling" basis for the Defendant's release within the definition of 18 U.S.C. § 3582 and associated policy statements. *Id.* at 8-9. Finally, the Government insists "the 18 U.S.C. § 3553(a) sentencing factors weigh[] against reducing Johnson's sentence" and the Court should thus reject the Defendant's request for his early release. *Id.* at 9.

Turning to Mr. Johnson's Amendment 821 claim, the Government maintains the retroactive amendment does not have the effect of lowering his applicable Guidelines range because the Court had properly applied the terms of the revised

5

U.S.S.G. § 4A1.1 at the time of sentencing. *Id.* at 10. The Government points out that Mr. Johnson's criminal history points far exceeded the 13-point threshold to trigger a Criminal History Category VI, and thus agrees with the PO that Mr. Johnson is ineligible for further relief under Amendment 821. *Id.* at 10-11.

## II.   DISCUSSION

After reviewing Mr. Johnson's submissions and the Government's response, the Court concludes that Mr. Johnson is not entitled to sentence reduction pursuant to either U.S.S.G. Amendment 814 or 821 because he has failed to exhaust his administrative remedies with regard to his Amendment 814 claim and because Amendment 821 does not lower his Guidelines range.

### A.   Sentence Reduction Pursuant to Amendment 814

#### 1.   Background of Amendment 814

On April 5, 2023, the United States Sentencing Commission submitted Amendment 814 to Congress as a revision to the First Step Act of 2018, a statute which permits criminal defendants to move a federal court to reduce a sentence of incarceration "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Amendment 814, which became effective on November 1, 2023, revised the list of "extraordinary and compelling reasons" that may warrant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13(b) (Nov. 1, 2023) (listing

extraordinary and compelling reasons); *see also U.S. Sent'g Comm'n, Guidelines Manual*, App. C Supp., Amend. 814, Reason for Amend. at 206 ("The amendment expands the list of specified extraordinary and compelling reasons and retains the 'other reasons' basis").

Relevant here, Amendment 814 retained and clarified the catchall provision, allowing courts to grant a sentence reduction based on "other reasons." U.S.S.G. § 1B1.13(b)(5). Specifically, the Sentencing Commission explained:

> the amendment retains the "Other Reasons" catchall ground currently found in Application Note 1(D). It also makes clear that extraordinary and compelling reasons exist if the defendant presents any other circumstance or combination of circumstances that, considered by themselves or together with any of the reasons specified in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). The Commission considered but specifically rejected a requirement that "other reasons" be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity, a requirement that inheres in the statutory requirement that they present extraordinary and compelling reasons for a sentence reduction. See 18 U.S.C. § 3582(c)(1)(A).

*See U.S. Sent'g Comm'n, Guidelines Manual*, App. C Supp., Amend. 814, Reason for Amend. at 207.

### 2.  Amendment 814 and Tomas Johnson

Mr. Johnson cites the Supreme Court's *Bruen* decision and its progeny to support his fundamental contention that his conviction for illegal possession of a firearm violates the federal Constitution. *Def.'s 814 Mot.* at 3-9.  He insists "there can be nothing more compelling and extraordinary than an American citizen under an illegal conviction making him procedurally innocent." *Id.* at 3 (citing *Schlup v. Delo*, 513 U.S. 298 (1995)).  The Government responds by arguing, among other

7

reasons, that Mr. Johnson failed to exhaust his administrative remedies prior to filing the motion in this Court.[1]  *Gov't's Opp'n* at 5-6.

Based on the Court's review of the record, the Government correctly alleges the lack of evidence that Mr. Johnson exhausted his administrative remedies prior to filing his motion in this Court.  Thus, Mr. Johnson's motion "fails at the first step: exhaustion."  *United States v. Talmer*, No. 2:20-cr-00084-GZS, 2022 U.S. Dist. LEXIS 155673, at *2 (D. Me. Aug. 30, 2022).  The First Circuit has recognized this mandatory requirement.  *Quirós-Morales*, 83 F.4th at 84 ("a prisoner-initiated motion for compassionate release may be made only after the prisoner has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or after thirty days have elapsed from the relevant facility's receipt of such request").  In keeping with First Circuit precedent, the caselaw of this District reflects the consensus that "exhaustion is mandatory unless waived or conceded by the Government."  *Id.* at 3 (citing *United States v. Brown*, No. 2:13-cr-00071-DBH, 2021 U.S. Dist. LEXIS 208380, at *1 (D. Me. Oct. 28, 2021); *United States v. Hassan*, No. 2:16-cr-00084-JDL, 2020 U.S. Dist. LEXIS 195468, at *3 (D. Me. Oct. 21, 2020)).

---

[1] The Government also submits that Mr. Johnson's Amendment 814 claim is properly characterized as an application for a writ of habeas corpus because it "deals with the legality and validity of a conviction and provides a method for automatic vacatur of sentences (when warranted under the statute)."  *Id.* at 7 (quoting *Trenkler*, 47 F.4th at 48).  While the Government does not raise it specifically, the Court notes a jurisdictional aspect of this argument; under Supreme Court precedent, "the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting *Carbo v. United States*, 364 U.S. 611, 617 (1961)).  Based on Mr. Johnson's filings, he is incarcerated at U.S.P. Hazelton in Bruceton Mills, West Virginia, not within the District of Maine.  *See Def.'s 814 Mot.* at 8.  As the Court is dismissing this claim on procedural grounds for Mr. Johnson's failure to exhaust his administrative remedies, it is not reaching this issue.  However, if Mr. Johnson chooses to file the same claim after exhausting his administrative remedies, he should be prepared to discuss why this Court has jurisdiction of what may well be a habeas corpus petition.

In the absence of evidence demonstrating Mr. Johnson properly exhausted administrative remedies, the Court is obligated to dismiss his motion regardless of the substantive merits. *See Ross v. Blake*, 578 U.S. 632, 632-33 (2016) (stating that "mandatory exhaustion statutes . . . foreclose[e] judicial discretion"). Thus, the Court concludes that the pending request for compassionate release is subject to dismissal without prejudice based on the Defendant's failure to administratively exhaust his remedies.

### B.  Sentence Reduction Pursuant to Amendment 821

#### 1.  Background of Amendment 821

Effective November 1, 2023, the United States Sentencing Commission adopted Amendment 821, which contained two changes: first, it eliminated U.S.S.G. § 4A1.1(d), which had increased a defendant's criminal history score by two points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status; and second, it inserted a new section, § 4A1.1(e), which served to increase the criminal history score by one point if the defendant received seven or more criminal history points and committed the offense while under a criminal justice sentence. *See U.S. Sent'g Comm'n, Guidelines Manual* App. C Supp., Amend. 821, Reason for Amend. at 240-41; *see also United States v. Burgos-Balbuena*, No. 22-1660, 2024 U.S. App. LEXIS 21382, at *16 n.8 (1st Cir. Aug. 23, 2024) ("[t]he Guidelines now call for only one point in [cases where the defendant committed the instant offense while under supervised release], and only if the defendant's criminal

9

history points otherwise add up to seven or more"). These enhancements, under either the old or new version of § 4A1.1, are known as "status points." *See U.S. Sent'g Comm'n, Guidelines Manual*, App. C Supp., Amend. 821, Reason for Amend. at 241.

The Sentencing Commission also clarified that the changes to the Sentencing Guidelines made through Amendment 821 should be applied retroactively. U.S.S.G. § 1B1.10, comment. n.7. As such, defendants who received a two-level status point increase in their original calculation may be eligible for a reduction in criminal history calculation if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines." U.S.S.G. § 1B1.10(a)(1). However, the Commission made clear that no sentence reduction is authorized pursuant to 18 U.S.C. § 3582(c)(2) if "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

### 2. Amendment 821 and Tomas Johnson

Mr. Johnson moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821, claiming that "[b]ased on the new, retroactive guidelines [he] would not receive any criminal history points and his criminal history category would be lower." *Def.'s 821 Brief* at 1. 18 U.S.C. § 3582(c)(2) permits courts to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" should it determine "after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, []

10

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In light of its conclusion with regard to Mr. Johnson's Amendment 814 claim, the Court highlights that 18 U.S.C. § 3582(c)(2) does not contain a similar administrative exhaustion requirement to § 3582(c)(1)(A), but rather permits a defendant to bring a motion directly in court. *Id.*

Unfortunately for Mr. Johnson, Amendment 821 does not justify a sentence reduction in his case because the revised Guidelines were, in fact, applied by the Court at the time of his sentencing and do not lower his Guidelines sentencing range. At sentencing, the Court explained "the new provision, which does apply retroactively to the defendant, reduces the two levels to a one-level increase" and corrected the PO's proposed Guidelines calculations by reducing the criminal history point level from 22 to 21. *Tr. of Proceedings*, 10:15-19. However, "as the tipping point for Criminal History Category VI is 13 [criminal history points]," the Court determined that the reduction from 22 to 21 criminal history points had no effect on his Category VI determination, "even after Section 4A1.1(e) is applied." *Id.* at 10:19-21. As such, the Court concluded that Amendment 821's changes to the Guidelines "ha[ve] no impact on the guideline sentence range." *Id.* at 10:24-25.

The Court's application of Amendment 821 at Mr. Johnson's sentencing hearing is also reflected in its Statement of Reasons. *Statement of Reasons* at 1 (ECF No. 102) ("**The court adopts the presentence investigation report with the following changes: . . . .** 3. ☒ **Chapter Four of the United States Sentencing Commission Guidelines Manual** determinations by court: *(briefly summarize the*

11

*changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations*) The Court imposed a one-point status point, as opposed to two, under Amendment 821. His criminal history score goes from 22 to 21, however his CHC remains VI") (emphasis in original).

In sum, the Court stands by its Guidelines calculations at the sentencing hearing. Under U.S.S.G. § 4A1.1, as revised by Amendment 821, Mr. Johnson's criminal history score of 21 exceeds the threshold number of 13 and thus warrants the designation of Criminal History Category VI. This criminal history category, combined with his total offense level of 27, determines a guideline sentence range of 130 to 162 months, as was properly calculated at the sentencing hearing. Under U.S.S.G. § 1B1.10, a court is not authorized to reduce a defendant's term of incarceration if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

As Amendment 821 does not reduce Mr. Johnson's sentencing guideline range, the Court cannot reduce his sentence pursuant to Amendment 821. *See, accord, United States v. McCray*, No. 1:12-cr-00055-JAW, 2023 U.S. Dist. LEXIS 213730, at *4 (D. Me. Dec. 1, 2023) (dismissing a defendant's motion for reduction of sentence because "as [the defendant] had a criminal history score of 27, even if the new amendment applied to him and resulted in a reduced total criminal history score of 26, a score of 26 would still be far above the triggering point of 13 for a Criminal History Category VI. As a result, his guideline sentence range would be the same"); *see also United States v. Parker*, No. 24-1342, 2024 U.S. App. LEXIS 19927, at *4-5

(6th Cir. Aug. 7, 2024) (affirming the district court's dismissal of a motion for sentence reduction and explaining "[the defendant] does reiterate his argument that Amendment 821 reduces his criminal-history points, but as the district court pointed out, [the defendant] would receive only one fewer point. Seventeen (rather than 18) criminal-history points still place [the defendant] in criminal-history category VI, which, [the defendant] concedes, leaves his guidelines range unchanged") (internal citations omitted).

### III.   CONCLUSION

The Court DISMISSES without prejudice Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Under Retroactive Amendment 814, which Revises the "Other Reasons" Category (ECF No. 111).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of December, 2024